**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI**

IN RE:

**CAPITAL ASSET MANAGEMENT, LLC**　　　　　　**CASE NO. 20-12204-SDM**

**DEBTOR**　　　　　　　　　　　　　　　　　　　**CHAPTER 11**

**ANSWER AND RESPONSE TO MOTION FOR
ENTRY OF AN ORDER MODIFYING AUTOMATIC STAY
PURSUANT TO SECTION 362(d)(1) OF THE BANKRUPTCY CODE**

COMES NOW Capital Asset Management, LLC (the "Debtor"), and files this its Answer and Response to the Motion for Entry of an Order Modifying Automatic Stay Pursuant to Section 362(d)(1) of the Bankruptcy Code (the "Motion") **[Docket No. 6]**, filed herein by Roche Diagnostics Corp. and Roche Diabetes Care, Inc. (collectively, "Roche"), and, answering the Motion paragraph by paragraph, Debtor answers and alleges as follows, to-wit:

**PRELIMINARY STATEMENT**

1.　Debtor denies Paragraph 1. The Debtor is a single member LLC owned by The Minga 2013 Irrevocable Trust, LLC that was established in the State of Nevada and its Trustee is Premier Trust, Inc.

2.　Debtor denies Paragraph 2. Certain assets belonging to the Debtor have been seized.

3.　Debtor admits that the district court judge in the Northern District of Alabama entered a default against the Defaulted Debtors, as defined in the Motion, except that it denies that the judgment was a default judgment, but was instead a default. Debtor respectfully disagrees with Judge Bowdre's decision, as evidenced by the attached Motion to Alter or Amend, which is incorporated by reference and marked as **Exhibit "A"**.

4.　Admitted.

5. The allegations, inferences and conclusions contained in Paragraph 5 of the Motion are denied.

6. While Debtor admits that the Alabama Action has progressed, and that discovery has been undertaken, it denies the remaining allegations, inferences and conclusions contained in Paragraph 6 of the Motion.

## JURISDICTION AND VENUE

7. Admitted.

## BACKGROUND

### A. The Debtors' Priority Care Scheme

8. Debtor denies the allegations, inferences and conclusions contained in Paragraph 8 of the Motion. The opinion of the court is not a final judgment, and is subject to alteration and, perhaps, appeal.

9. Debtor admits that these are allegations in the Second Amended Complaint but denies same.

10. Debtor admits that these are allegations in the Second Amended Complaint but denies same.

11. Debtor admits that these are allegations in the Second Amended Complaint but denies same.

12. Debtor admits that these are allegations in the Second Amended Complaint but denies same.

**B.     Roche's Damages**

13.     Debtor denies the allegations, inferences and conclusions contained in Paragraph 13 of the Motion. The opinion of the court is not a final judgment, and is subject to alteration and, perhaps, appeal.

14.     Debtor denies the allegations, inferences and conclusions contained in Paragraph 14 of the Motion. The opinion of the court is not a final judgment, and is subject to alteration and, perhaps, appeal.

15.     Debtor denies the allegations, inferences and conclusions contained in Paragraph 15 of the Motion. The opinion of that court is not a final judgment, and is subject to alteration and, perhaps, appeal.

**C.     Roche's Claims and Litigation in the Alabama Action**

16.     Debtor denies the allegations, inferences and conclusions contained in Paragraph 16 of the Motion. The opinion of the court is not a final judgment, and is subject to alteration and, perhaps, appeal.

17.     Debtor denies the allegations, inferences and conclusions contained in Paragraph 17 of the Motion. The opinion of the court is not a final judgment, and is subject to alteration and, perhaps, appeal.

18.     Debtor denies the allegations, inferences and conclusions contained in Paragraph 18 of the Motion. The opinion of the court is not a final judgment, and is subject to alteration and, perhaps, appeal.

19.     Debtor admits the District Court papers speak for themselves. Affirmatively, to the extent the interest bearing account mentioned in Paragraph 19 has funds contained in it that are the

property of the Debtor, Capital Asset Management, LLC, Roche should return those funds to the bankruptcy estates in that they remain property of the bankruptcy estates. Further, in order to carry out the requirements of the Office of the United States Trustee, those funds must be placed in a debtor-in-possession account at an authorized depository. The funds will be requested to be returned to the Debtor, Capital Asset Management, LLC.

20. Debtor admits the pleadings mentioned in Paragraph 20 of the Motion speak for themselves and that Judge Bowdre has entered certain orders and opinions.

**D. The Debtors Commence a Chapter 11 Case Just Before Damages Are to Be Determined, but Continue to Litigate Despite the Automatic Stay**

21. Admitted.

22. Debtor admits that the pleadings and papers in the Alabama Action speak for themselves.

23. Denied.

**RELIEF REQUESTED**

24. Debtor denies Roche is entitled to the relief requested. Roche should return the property of the Debtor to the estate promptly.

**BASIS FOR RELIEF REQUESTED**

25. Debtor admits the noted authority speaks for itself. Indeed, the language of the cases cited by Roche to the effect that this decision lies within the sound discretion of this Honorable Court, and that this Court must determine whether cause exists on a case-by-case basis is more than adequate authority for this Court to review the underlying facts, the status of these cases, the inextricable intertwining of the bankruptcy issues between and among all of the parties, including

Roche and this Debtor. These facts thus justify this Honorable Court in using its discretion to deny, at least for the time being, the lifting of the automatic stay.

26.     Debtor admits the noted authority speaks for itself. Additionally, especially in the case of *In re Armstrong and Guy Law Office, LLC* as cited, there was not present in that particular automatic stay litigation the questions of property of the estate, fraudulent conveyances, turnover of property and the numerous core/non-core issues which are inextricably intertwined here by, between and among Roche, the other Debtors, Capital Asset Management and possibly other entities.

27.     Debtor admits the noted authority speaks for itself. Here, the prejudice to the interests of legitimate creditors of these cases, and to Capital Asset Management, LLC, is significant. In addition to the issue of adequate representation of counsel in the Alabama Action, the cost to litigate those issues (when there may be little funds to pay counsel or to pay creditors' claims) in and of itself mitigates against lifting the automatic stay, at least at this particular point in time. Moreover, if the stay is lifted, there exists the distinct probability that conflicting issues with respect to discovery matters, rulings of the different courts with respect to property of the estate, fraudulent conveyances, automatic stay provisions and numerous overlapping issues will lead to multiple appearances in both courts with parties seeking to advance or protect their particular interests. There is a distinct possibly of inconsistent rulings and duplications of efforts between the Alabama court and this Honorable Court if preliminary issues (property of the estate, fraudulent conveyances and related matters) are not resolved here. In the event this Honorable Court denies, at least for the time being, the Motion, those conflicts and conflicting, inconsistent and multiple rulings will be avoided.

28.     Debtor admits there is remaining in the district court the issue of the amount of Roche's claim against the Defaulted Debtors.

Affirmatively, modifying the automatic stay will most definitely place a burden on the Defaulted Debtors as well as the Debtor in this case, Capital Asset Management, LLC and the other Debtors. Neither the Defaulted Debtors, nor the "non-defaulted" Debtors have obtained an agreement of counsel to represent them in the Alabama Action. No application to employ counsel for the Debtors in the Alabama Action is pending before this Court. And, in many of the Debtors' current situations, there are no funds readily available with which to compensate counsel in the Alabama Action.

Moreover, this Honorable Court is the only court that can grant the most "one stop shopping" to Roche, the Debtors and stakeholders such as the Debtor in this case. For example, some of the funds that have been frozen in the Alabama Action are property of the Debtors' bankruptcy estates (to the extent the Debtors have funds on deposit there). A significant amount of the funds held in the Alabama Action came from Capital Asset Management, an entity owned by a trust that was established by Mr. and Mrs. Minga a number of years ago. The interplay between and among that trust, the assets of Capital Asset Management, the assets of the Debtors in these bankruptcy cases (some of which are held in the Alabama Action), what is/is not property of these bankruptcy estates, the potential fraudulent conveyances alleged by Roche to have occurred over the years, the potential claims of the Debtors in these Chapter 11 cases to assert fraudulent conveyance claims for their funds being dissipated both with respect to transfers to the trust, to Capital Asset Management and in the Alabama Action all clearly place the "one stop shop" litigation as to those claims before this Honorable Court.

Further, responding in the affirmative, it will be up to this Court to determine what is/what is not property of these Chapter 11 estates, including the over $30 million of Capital Asset

Management funds that are being held in the Alabama Action. Unless and until creditors and this Court know what the "pot" looks like to resolve/pay claims, the Alabama Action should remain stayed until these questions are resolved by this Honorable Court. After all, there is no rush in the Alabama Action to do anything because the funds (whether held there or with this Honorable Court) are not going anywhere absent court orders, and there is no "melting ice cube" that would push that litigation before all of the stakeholders in these Chapter 11 cases learn what money is available or what money is not available and who owns what money.

Further answering, in the affirmative, it appears, from Footnote 46 of the Motion, that Roche intends to continue to sequester (preliminarily and permanently) property of the bankruptcy estate, notwithstanding this Honorable Court's jurisdiction over property of the estate, fraudulent conveyances, preferential transfers, related core and non-core proceedings and a number of contested matters. In fact, the cases mentioned in Footnote 46 do not involve money (and in some cases, not even property of the bankruptcy estate) - instead they involve preliminary injunctions and contempt orders or, in the case of *Mantia*, use of "non-monetary" property in commission of an ongoing tort. Roche's retention of the property of the Debtors' estates in and of itself may be a violation of the automatic stay. The Court should deny consideration of the Motion until such time as Roche takes affirmative steps to start the process to return this property to the estates.

29. Debtor admits that the Alabama Action is at an advanced stage against the Debtors that have not been "defaulted". Debtor doubts that discovery is completed however.

Affirmatively, as was the case with the Defaulted Debtors, the Debtors who are not in default do not have counsel at this stage and many of them do not have funds available to them for the retention and compensation of counsel.

Further answering, in the affirmative, the Debtor notes, as previously stated, that there may or may not be anything to "fight over" insofar as monetary assets are concerned in the Alabama Action if the funds that have been frozen there are actually legitimate property of an irrevocable trust. Certainly, there are legitimate and viable reasons to be asserted by many of the Debtors in these cases that some of the funds in the Alabama Action belong to them, either through "direct" ownership, avoidance claims and causes of action, or through issues regarding property of the estate and turnover actions. The likelihood of inconsistent and multiple rulings as all this litigation in this Court proceeds along a orderly path with respect to issues (as previously noted) of what is property of the estates of the Debtors, what fraudulent conveyance claims exist by and on behalf of the Debtor entities, what funds are legitimate irrevocable trust funds and not property of the estate, combined with the extensive discovery that will be related thereto is readily apparent as to rulings in the Alabama Action and in this Honorable Court. Further, time spent away from the reorganization process and litigation in this Court, while litigating in the Alabama Action, will only delay these proceedings here and take time away from the Debtor in this reorganization, liquidation and litigation efforts.

30.     The allegations, inferences and conclusions contained in Paragraph 30 of the Motion are denied. It is clear that a heavy burden will be placed on the non-defaulted debtors to defend the claims against them in the Alabama Action both from a retention, and then a compensation, aspect with respect to counsel to defend them. Simply because some of the non-defaulted debtors are owned by PHC, does not mean a judgment against PHC (especially given the chance of appeal) would "effectively end the case against them" while they are protected by the automatic stay. It will

be up to further decisions for a final, binding judgment as to whether Roche's argument that "all of the Debtors are controlled by and *de facto* extensions of the Mingas," actually prevails.

31. Debtor admits Judge Bowdre's June 10 order speaks for itself. And, it is Judge Bowdre's decision that the Alabama Action will continue against the persons and entities that are not debtors in this Honorable Court. Debtor respectfully submits that substantially all of the assets that might be used to satisfy any claim of Roche are now property of the estates of debtors who are debtors before this Honorable Court. However, to the extent Roche desires to continue to litigate against non-debtor entities, Judge Bowdre's order explicitly provides for that.

32. The allegations, inferences and conclusions contained in Paragraph 32 of the Motion are denied. As noted, the prejudice to the Debtors and their creditors will be significant, especially if the Debtors at this stage do not have counsel to represent them in the Alabama Action. And, undoubtedly, the cost of the Alabama Action will be significant.

Affirmatively, Debtor submits the Court should exercise its discretion and allow the automatic stay to remain in effect until this Honorable Court determines what it is everyone is fighting over, to whom assets belong and what is property of the Debtors' estates and what is not.

Further answering in the affirmative, the Debtor does not expect this Honorable Court to adjudicate anew here (in the context of claims litigation), the damage claims pending in the Alabama Action. But this Court can, and should, exercise its discretion and leave the automatic stay in effect until it can determine who owns what, and why, in the only "one stop shop" that can make those decisions and those determinations in light of the multiple and conflicting claims which now exist and which will be litigated here upon commencement of litigation to determine what is property of the Debtors' estates. That must be determined in this Honorable Court.

33. Debtor denies the allegations, inferences and conclusions contained in Paragraph 33 of the Motion. Again, the absence of counsel and the cost and expenses of compensation of counsel to defend the Alabama Action remain open and unresolved issues. If Roche is serious when it states that it "merely seeks the final adjudication of its non-bankruptcy rights against the Debtors in the District Court," that begs the question as to the determination of the bankruptcy rights of Roche against the Debtors and what court makes those determinations. And it proves the Debtor's point. The "bankruptcy" issues (most particularly the ones involving what funds are at issue, at risk and are being fought over) should be determined by the bankruptcy court before the time and effort are put into the Alabama Action because it may be, once this Court makes its decisions, there really is nothing to fight over. In that event, the amount of defense costs for defending the Alabama Action would have been wasted if the Court lifts the stay at this stage.

34. The allegations, inferences and conclusions contained in Paragraph 34 of the Motion are denied.

Affirmatively, in order for Roche (and the Debtor, for that matter) to assert fraudulent conveyance, avoidance, preferential transfer and other "clawback" claims, this Court will necessarily have to become familiar, in those core proceedings, with whatever practices and courses of conduct have been embarked upon by the various defendants, the trust and Capital Asset Management, LLC over the last eight or so years. The burden of instructing "yet another court" about the full extent of the Debtors' business practices will, of necessity, have to be litigated here, no matter what.

35. The allegations, inferences and conclusions contained in Paragraph 35 of the Motion are denied.

**NOTICE**

36. The allegations, inferences and conclusions contained in Paragraph 36 of the Motion are denied. Because of Roche's "rush" to get its Motion filed and noticed, the creditor matrix had not yet been filed when it filed and noticed its Motion. Accordingly, because the creditors of the Debtor's estate has not received notice, the noticing period should begin anew. The Motion is wholly defective as a result.

**CONCLUSION**

**Last Unnumbered Paragraph**

Debtor denies that Roche is entitled to the relief demanded within the Last Unnumbered Paragraph of the Motion or to other relief in the premises.

**AFFIRMATIVE RESPONSES**

1. Debtor has not yet retained Court approved counsel in the Alabama Action and until such time as it does so (or is able to do so), the Motion should be denied, to give the Debtor a chance to secure counsel.

2. In addition, at this early stage of this case, lifting the automatic stay would be premature until Debtor secures counsel to represent it in the Alabama Action and that request is approved by this Honorable Court after notice and a hearing. Lifting the stay before the Debtor has engaged (and the Court has approved the Debtor's selection of) counsel would be unfair to the Debtor while it is not represented.

3. Notice is inadequate and inappropriate under the circumstances requiring Roche to "start over" after it filed and noticed its Motion without a matrix.

4. This Honorable Court should exercise its discretion and delay the lifting of the automatic stay and the liquidation, if any, of the Roche claims against both the Defaulted Debtors and the non-defaulted debtors until such time as this Honorable Court determines what is actually owned by the Debtor estates in all of these cases and what is not property of the estates. Substantial questions exists with respect to whether or not the cash that has been "frozen" in the Alabama Action is property of a trust, property of Capital Asset Management, property of some, all, or a combination of the other cases that are in bankruptcy in this Honorable Court. Substantial questions exist with respect to fraudulent conveyances and other avoidance actions that are core proceedings owned by the Debtors in these cases that may very well be litigated with the trust, Capital Asset Management and Roche with respect to funds that were involuntarily transferred from the Debtors without reasonably equivalent value. Those issues are core proceedings and should be determined by this Court before the automatic stay is lifted so that the parties will know what property belongs to what entity and what is actually at issue to be paid to creditors in these cases.

5. The ordered liquidation by the Alabama District Court has triggered tremendous capital gains tax liability. The lifting of the automatic stay (or a hearing on that) is premature because the interest of the Debtors, Capital Asset Management, LLC, Roche, the Internal Revenue Service, Mississippi State Tax Commission and, possibly, the trust, are inextricably intertwined and should be considered together. In that regard, Debtor seeks an actual "live" hearing in order to present its factual defenses and evidence to the Court.

6. Lifting of the automatic stay at this stage of this case will be highly prejudicial to the Debtor and may actually be premature considering all of the unanswered and open questions that exist as outlined in this Answer and Response. Accordingly, Debtor respectfully submits that a

deferral by the Court, in the exercise of its sound discretion, as to the lifting of the stay is appropriate until further proceedings can be held in this Honorable Court to resolve these open issues which are significant.

7.   Further responding in the affirmative, to the case law and arguments cited within Footnote 46, Debtor agrees with the basic proposition that the filing of a bankruptcy case does not allow the Debtor to violate contempt orders and the injunctions upon which the contempt was based. Here, however, there is no contempt order that is being enforced with respect to property of the Debtor's estate, and that property should be returned. Further, Debtor agrees with the basic proposition stated in the *Mantia* case that a debtor may not continue to use property (in that case, it was a restaurant which has been ordered closed because of continued trademark violations) in the commissions of an ongoing tort or other violation of a court order issued by a non-bankruptcy court. Again, that case is factually distinguishable because the Debtor is not seeking a return of its funds in order to continue to commit a tort or torts - it is seeking return of its funds because the funds are property of its bankruptcy estates. These funds will be used to pay claims - not to commit torts. In addition, Roche implicitly suggests that the property may not be property of the bankruptcy estates which would allow Roche to request the court in the Alabama Action to disburse the money to Roche. Roche further makes it clear that relief from the stay would not allow it to convert the Alabama Action preliminary injunction to a permanent injunction, despite the fact that Roche states immediately before that "Roche respectfully submits that, because the stay only protects property of the Debtors' estates . . ." Motion at Page 12 at Footnote 46. This confusing and seemingly inconsistent language puts the Debtor on notice that Roche may proceed at its pleasure in the Alabama Action with respect to the funds that are on deposit there without seeking, or obtaining,

relief from this Honorable Court. Indeed, the last sentence of Footnote 46 provides: "Nevertheless, for the avoidance of doubt, the Proposed Order explicitly provides that the automatic stay does not alter or limit the scope of any injunctive relief that has been granted [thereby depriving the Debtors of their property] or <u>may</u> be granted by the District Court." (Motion at p 12, Footnote 46 (emphasis added)). So, Roche makes it clear that it will seek further injunctive relief from the district court which may include disbursement of the proceeds. And it is that prospective action would be a violation of the automatic stay and which further justifies this Court in requiring Roche to return the funds to the Debtor estates and denying the Motion until Roche does so.

**WHEREFORE, PREMISES CONSIDERED**, Debtor respectfully prays that upon a hearing hereof this Honorable Court will enter its order denying, at least for the time being, the Motion. Debtor prays for general relief.

This the 22nd day of July, 2020.

                                      Respectfully submitted,

                                      **CAPITAL ASSET MANAGEMENT, LLC**

                                      */s/J. Walter Newman IV*
                                      J. WALTER NEWMAN IV

J. Walter Newman IV, MSB# 3832
NEWMAN & NEWMAN
587 Highland Colony Parkway
Ridgeland, MS 39157
Telephone No. (601) 948-0586
Email: wnewman95@msn.com
Attorney for Debtor

**CERTIFICATE OF SERVICE**

I, J. WALTER NEWMAN IV, attorney for Debtor, do hereby certify that I have this date transmitted *via* Electronic Case Filing, as it appears on this date in the Court registered e-filers of CM/ECF and/or *via* U. S. Mail, postage prepaid, a true and correct copy of the foregoing Pleading to the following:

    Sammye S. Tharp, Esq.
    Office of the United States Trustee
    sammye.s.tharp@usdoj.gov

    Thomas M. Hewitt, Esq.
    thomas.hewitt@butlersnow.com

    Christopher R. Maddux, Esq.
    chris.maddux@butlersnow.com

    R. Campbell Hillier
    cam.hillyer@butlersnow.com

    Geoffrey Potter, Esq.
    gpotter@pbwt.com


THIS, the 22nd of July, 2020.

                                          */s/ J. Walter Newman IV*
                                          J. Walter Newman IV